IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sandy Locklear,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections, Warden Devin Gadson, *individually and as Warden of Graham (Camille-Griffin) Correctional Institution*, Graham (Camille-Griffin) Correctional Institution, and Laurie Hollis,<br><br>　　　　Defendants. | Civil Action No. 4:22-cv-02955-TMC-TER<br><br>**ORDER** |

　　　　Plaintiff Sandy Locklear, a state prisoner, filed this action through counsel on September 1, 2022. (ECF No. 1). In her complaint, she alleges § 1983 violations and brings state law causes of action for assault, battery, negligence, gross negligence, negligent hiring, negligent training, and negligent supervision. *Id*. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.

　　　　On December 21, 2022, Plaintiff's counsel filed a motion to be relieved as counsel, explaining Plaintiff has filed a petition for post-conviction relief in a matter in which her law firm previously represented Plaintiff. (ECF No. 11). Accordingly, Plaintiff's counsel provided that continuing representation of Plaintiff would be a violation of the Rules of Professional Conduct. *Id*. Defendants did not object to the withdrawal, (ECF No. 14); however, due to a compliance issue, the magistrate judge denied the motion with leave to refile in accordance with Local Civil Rule 83.I.07(B)(3). (ECF No. 18). Prior to submitting a revised motion, Defendants moved to

1

dismiss for lack of prosecution on August 18, 2023, citing a lack of response from Plaintiff's counsel as to refiling the motion to withdraw and as to their discovery requests. (ECF No. 27). Plaintiff's counsel subsequently filed another motion to withdraw as counsel. (ECF No. 28).

By order dated November 30, 2023, the magistrate judge dismissed counsel and advised that Plaintiff will have until January 2, 2024 to retain new counsel. (ECF No. 34). If a notice of appearance is not filed by that date, he provided that the court will consider her to be proceeding *pro se*. *Id*. He also advised that his order did not stay the deadlines for filing objections to his Report and Recommendation (Report), which was also filed that day. *Id*.

In his Report, (ECF No. 35), the magistrate judge recommended the undersigned dismiss Defendants' motion to dismiss for lack of prosecution, noting, among other things, "[t]here is nothing in the record to indicate that Plaintiff has any responsibility for counsel's delay in refiling her motion to withdraw as counsel or counsel's failure to respond to discovery requests or otherwise communicate with defense counsel." (ECF No. 35 at 2-3). The magistrate judge again advised that the deadline to file objections to his Report is not stayed. (ECF No. 35 at 3, n.2). Defendants were informed of their right to file specific objections to the Report, (ECF No. 35-1), but they failed to do so. The time for Defendants to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 35),

which is incorporated herein by reference. Therefore, the motion to dismiss for lack of prosecution (ECF No. 27) is DENIED.[1]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 19, 2023

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] This ruling has no effect on the magistrate judge's order at docket entry 34, and Plaintiff remains bound by the deadline of January 2, 2024, for retaining new counsel should she choose to be represented in this matter.