IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sandy Locklear, | ) |
|            Plaintiff, | ) Civil Action No. 4:22-cv-02955-TMC |
| vs. | ) **ORDER** |
| South Carolina Department of Corrections; Warden Devin Gadson, *individually and in his official capacity as Warden of Graham (Camille-Griffin) Correctional Institution*; Graham (Camille-Griffin) Correctional Institution; and Laurie Hollis, | ) |
|            Defendants. | ) |

After allegedly being struck in the face by another inmate, Plaintiff Sandy Locklear, through counsel, filed a complaint in this court raising multiple state law causes of action as well as a § 1983 claim for alleged violations of her constitutional rights. (ECF No. 1). The South Carolina Department of Corrections ("SCDC"), Warden Devin Gadson, and Graham Correctional Institution filed an answer to the complaint, (ECF No. 9), as well as a motion for summary judgment, (ECF No. 65). Following the filing of the motion, the magistrate judge[1] issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff, who has been proceeding *pro se* in this case since November 30, 2023, of the summary judgment procedures and the consequence of failing to properly respond, (ECF No. 67). Plaintiff, however, failed to respond to the motion.

---

[1] This matter was referred to a magistrate judge for all pretrial proceedings in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.).

1

Now pending before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss the case pursuant to Rule 41(b)[2] and Rule 4(m)[3] of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), or, alternatively, that the court grant the summary judgment motion as to Plaintiff's § 1983 claim, decline to exercise supplemental jurisdiction over the remaining state law claims, and dismiss the case in its entirety. (ECF No. 72). The magistrate judge notified Plaintiff of her right to file objections to the Report. (ECF No. 72-1). In response, Plaintiff filed what has been docketed as both "Objection", (ECF No. 74), and "Motion to appoint counsel", (ECF No. 75). These documents appear to be identical with the exception of there being an attached letter from an attorney as to the motion to appoint counsel. (ECF No. 75-1). None of the parties filed a reply to Plaintiff's objections or a response to the motion to appoint counsel, and the time to do either has expired.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or

---

[2] Fed. R. Civ. P. 41(b) states "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[3] Fed. R. Civ. P. 4(m) states, in relevant part, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing her pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from

3

sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Phillips v. Nlyte Software Am. Ltd.*, 615 Fed. App'x 151, 152 (4th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"'In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party.'" *Sellers v. Keller Unlimited LLC*, 388 F. Supp. 3d 646, 649 (D.S.C. 2019) (quoting *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996)). However, "'[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.'" *McKinney v. G4S Gov't Sols., Inc.*, 711 Fed. App'x 130, 134 (4th Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of proving that summary judgment is appropriate. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Lane & Roderick, Inc.*, 736 Fed. App'x 400, 400 (4th Cir. 2018) (citing *Celotex Corp.*, 477 U.S. at 322–23). Once the moving party makes this showing, however, the opposing party may not rest upon

mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015).

**DISCUSSION**

According to Plaintiff's complaint, on September 4, 2020, Laurie Hollis, an inmate in SCDC's custody, punched Plaintiff in the face after Hollis intentionally activated the prison's fire alarm system. (ECF No. 1 at 3-4). Plaintiff subsequently brought this action, through counsel, against Hollis, SCDC, Graham Correctional Institution, and Warden Devin Gadson, individually and in his official capacity as Warden of Graham Correctional Institution. (ECF No. 1). Therein, she raises state law causes of action against all the defendants as well as a § 1983 claim against only SCDC, Graham Correctional Institution, and Warden Gadson (collectively "the Moving Defendants"). The § 1983 claim, which alleges the Moving Defendants failed to implement appropriate policies, customs, and practices, is the only federal claim raised in this action. In her prayer for relief, Plaintiff seeks compensatory, actual, punitive, and statutory damages as well as costs and attorneys' fees. *Id*. at 4-5, 13. She does not seek equitable relief. The Moving Defendants filed an answer on December 15, 2022.[4] (ECF No. 9).

On December 21, 2022, Plaintiff's attorney filed a motion to be relieved as counsel. (ECF No. 11). Due to a compliance issue with the local rules, the magistrate judge denied the motion with leave to refile. (ECF No. 18). Plaintiff's attorney filed another motion to withdraw as counsel

---

[4] There is no evidence Hollis was served with the summons and complaint. While represented, Plaintiff filed a motion for an extension of time to serve the named defendants. (ECF No. 6). In her motion, Plaintiff states she provided the detention center the documents to serve Hollis, but she was awaiting a response as to whether those documents had been served. *Id*. at 4. While the magistrate judge granted the motion for an extension until January 19, 2023, (ECF No. 12), the court has not received confirmation that those documents were ultimately served on Hollis.

5

approximately five months later. (ECF No. 28). By order dated November 30, 2023, the magistrate judge dismissed counsel and advised Plaintiff that she has until January 2, 2024 to retain new counsel. (ECF No. 34). In that order, he informed Plaintiff that, if no notice of appearance was filed by that date, the court would consider her to be proceeding *pro se*. *Id*. Plaintiff did not retain new counsel.

Over a year after Plaintiff's deadline to find new counsel, the Moving Defendants filed a motion for summary judgment. (ECF No. 65). As discussed, the magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the possible consequences for failing to respond and granting her thirty-one days to file a response in opposition to the motion. (ECF No. 67). The order was mailed to Plaintiff's last known address, (ECF No. 68), and was not returned to the court as undeliverable. Therefore, Plaintiff is presumed to have received it.

Plaintiff, despite receiving notice, and being advised of the consequences of failing to respond, did not oppose or respond in any way to the motion for summary judgment. When the nonmoving party fails to respond, as Plaintiff has failed to do, the court may not automatically grant the requested relief as the mere failure to respond "does not fulfill the burdens imposed on moving parties by Rule 56." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993). However, in order "[t]o withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial." *Hill v. Haynes*, 380 F. App'x 268, 270 (4th Cir. 2010). "If the nonmoving party fails to so respond, the facts as set forth by the movant may be considered uncontroverted. Summary judgment may be entered in favor of the movant if those uncontroverted facts show that the movant

6

is entitled to summary judgment as a matter of law." *Laing v. Cap. One, Nat'l Ass'n*, No. 23-1939, 2024 WL 3949259, at *1 (4th Cir. Aug. 27, 2024).

The magistrate judge issued a Report and Recommendation, identifying two alternative and independent bases for dismissing Plaintiff's claims. (ECF No. 72). As one basis for dismissal, the magistrate judge recommended the court grant the Moving Defendants' motion for summary judgment as to Plaintiff's § 1983 claim, decline to exercise supplemental jurisdiction over the remaining state law claims, and dismiss the case in its entirety. (ECF No. 72 at 5-9). He explained Graham Correctional Institution is not a "person" amenable to suit under § 1983. *Id*. at 5. As an arm of the state, SCDC is immune from liability for monetary damages in a § 1983 claim under the Eleventh Amendment. *Id*. at 5-6. Likewise, as an employee of SCDC, the Eleventh Amendment bars any § 1983 claims for monetary damages brought against Warden Gadson in his official capacity. *Id*. at 6. Though Plaintiff also brought this action against Warden Gadson in his individual capacity, the magistrate judge determined summary judgment was nevertheless appropriate as to the § 1983 claim because Plaintiff failed to "show that [Warden Gadson] had some personal involvement in the alleged constitutional violation." *Id*. at 6-7. As the § 1983 claim is the only federal claim in this action, the magistrate judge recommended the undersigned decline to exercise supplemental jurisdiction over the remaining state law claims, including those raised against Hollis. *Id*. at 7-8.

In what has been docketed as her objections, Plaintiff does not contest any specific finding or recommendation in the Report.[5] (ECF No. 74). Therefore, the court must only review the

---

[5] In fact, her only mention of the Report is to indicate that this filing "is [her] written objection to the Report and Recommendation: That case number 4:22-cv-02955-TMC-TER be dismissed in its entirety." (ECF No. 74). Beyond simply stating she objects to the Report, she provides no basis for her objection, nor does she specifically object to any particular portion of the Report. Her only

magistrate judge's findings for clear error. Having reviewed the Report under the appropriate standard, the court agrees with and adopts the magistrate judge's recommendation to grant in part the Moving Defendants' summary judgment motion as to Plaintiff's § 1983 claim.

The court also agrees with the magistrate judge that, given the dismissal of Plaintiff's sole federal claim, the court should decline to exercise supplemental jurisdiction over her remaining state law claims. *See* 28 U.S.C. § 1367(c)(1)-(4) (providing that, even when a district court has supplemental jurisdiction over a claim, it "may decline to exercise supplemental jurisdiction over a claim . . . if: . . . (3) the district court has dismissed all claims over which it has original jurisdiction); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (explaining "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished" and that "[a]mong the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy"). As the magistrate judge recognized, Plaintiff's state causes of action for, *inter alia*, assault, battery, and intentional infliction of emotional distress do not implicate federal policy, and Plaintiff does not dispute the magistrate judge's finding that "comity favors remand since the remaining claims are quintessential state law questions." (ECF No. 72 at 8). Accordingly, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which are dismissed without prejudice.[6]

---

argument is that she requests more time to find counsel – a year and a half after her counsel withdrew from this case.

[6] As an alternative basis for dismissal, the magistrate judge determined Plaintiff's case is subject to dismissal pursuant to Fed. R. Civ. P. 41(b) and 4(m). He explained that Plaintiff is entirely responsible for her case and her failure to respond to the Moving Defendants' motion. *Id*. at 2. He noted the defendants cannot come to a resolution of this case if Plaintiff fails to prosecute it and that he had previously warned Plaintiff that failure to respond to the motion could result in her case being dismissed. *Id*. Thus, he concluded dismissal of Plaintiff's claims against the Moving

## CONCLUSION

Thus, the court **ADOPTS IN PART** the magistrate judge's findings and recommendations in the Report, (ECF No. 72), which is incorporated herein by reference, and **GRANTS IN PART** the Moving Defendants' motion for summary judgment, (ECF No. 65). Plaintiff's § 1983 claim is hereby **DISMISSED WITH PREJUDICE**. The court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismisses such claims **WITHOUT PREJUDICE**. Plaintiff's motion to appoint counsel, (ECF No. 75), is **DENIED**.[7]

---

Defendants is appropriate under Fed. R. Civ. P. 41(b). Given the lack of evidence that Hollis had ever been served, the magistrate judge further concluded the court should dismiss Plaintiff's claims against Hollis pursuant to Fed. R. Civ. P. 4(m). *Id*. at 3 n.1. However, in light of the court's findings set forth herein, the court declines to address the magistrate judge's alternative basis for dismissal under Fed. R. Civ. P. 41 and 4(m) or the Moving Defendants' remaining arguments in their summary judgment motion.

[7] In what has been docketed as "objection", (ECF No. 74), and "motion to appoint counsel," (ECF No. 75), Plaintiff moves the court to either grant her additional time to find counsel or to appoint counsel for her. She provides she has been trying to obtain counsel as shown by the attached letter from the Lake Law Firm wherein the firm declined to represent her in this action. (ECF No. 75-1). Plaintiff does not provide when she reached out to the firm or whether she attempted to reach out to any other firms since her former counsel withdrew her representation. Plaintiff also does not explain why she waited over a year to request an extension to find counsel. Accordingly, the court finds Plaintiff failed to establish good cause to extend the time for Plaintiff to obtain new counsel and denies the motion to the extent she seeks an extension.

Plaintiff's motion is also denied to the extent she seeks the appointment of counsel. "The power to appoint is a discretionary one, but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). When determining whether a case presents exceptional circumstances, the court must "determine (1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.' If both questions are answered affirmatively, the case presents exceptional circumstances." *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant*, 739 F.2d at 163) (internal citations omitted). Even if Plaintiff presents colorable claims, which the court finds are not sufficiently complex to alone justify the appointment of counsel, Plaintiff has failed to establish she lacks the capacity to present them. The only basis for Plaintiff's motion to appoint counsel is "[her] incarceration." (ECF No. 75 at 1). "The court is mindful of the fact that incarcerated individuals generally have less flexibility to litigate their cases." *Thompson v. Tolson*, No. 1:23-cv-00735-TMC, 2024 WL 4690144 *2 n.1 (D.S.C. Nov. 6, 2024). However, as the

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
May 7, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

Fourth Circuit acknowledged, "inexperience and incarceration alone do not warrant appointment of counsel", *Jenkins*, 109 F.4th at 249, and Plaintiff has not articulated any other perceived limitations on her ability to present her claims, like, for example, a mental illness or any intellectual limitations. Accordingly, the court finds Plaintiff failed to demonstrate exceptional circumstances to appoint counsel and, therefore, DENIES Plaintiff's motion at ECF No. 75.